IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. ADAM D. SLUDER

**Appeal from the Criminal Court for Sullivan County**
**Nos. S53,603; S54,133; S54,134; S55,354      R. Jerry Beck, Judge**

**No. E2009-01705-CCA-R3-CD - Filed June 4, 2010**

The Defendant, Adam D. Sluder, pled guilty to theft over $500, two counts of violating the sexual offender registration law, six counts of statutory rape, and felony failure to appear, all Class E felonies. The Defendant received a two-year sentence for each offense as a Range I, standard offender with the failure to appear sentence to be served consecutively, for an effective four-year sentence. The trial court denied the Defendant's request to serve his sentence on probation or in community corrections. The Defendant appeals the trial court's decision, contending that confinement is an improper punishment given the nature of the offenses, his criminal history, and his rehabilitation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant Public Defender, for the appellant, Adam D. Sluder.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Julie Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case stemmed from the Bristol Tennessee Police Department's investigation of a theft of baseball cards. In January 2007, a witness saw the Defendant walk into a residence, take the cards, and leave in a white car. During the course of the investigation, the police learned that the Defendant was a convicted sex offender who had failed to register

after moving to Bristol. The police questioned the Defendant's girlfriend on March 1, 2007. She told them that she and the Defendant had had sex several times over the last six months. During that period, the Defendant was twenty-one or twenty-two, while his girlfriend was sixteen or seventeen. After he was indicted for theft, statutory rape, and violating the sexual offender registration law, the Defendant incurred a criminal charge for failing to appear in court on June 6, 2008. The Defendant pled guilty to these charges.

At the sentencing hearing, the presentence report, a letter from a probation officer, and the Defendant's own testimony recounted the Defendant's history. The Defendant was convicted of drug possession in Smythe County, Virginia, in late 2004, and he was convicted of statutory rape in Johnson County, Tennessee, in May 2005. In both cases, the Defendant received probation.

The Defendant violated his probation six times over the next four years. According to the letter from his probation officer, the Defendant failed to maintain employment, to report to the probation officer, to pay court costs, to participate in sex offender treatment, and to perform community service work. The Defendant also violated his probation by committing the crimes in this case.

The Defendant contended that alternative sentencing was the proper punishment. He apologized for his behavior and asked the court for a second chance. He testified that he was trying to "[put] one foot in front of the other in the right direction" since his arrest and the birth of his son. He testified that he had not violated his probation since August 2008 and had passed routine drug tests since January 2009–a claim verified by the letter from his probation officer. He also said he had given up using drugs and alcohol.

The Defendant also pointed to the fact that he married the victim of the statutory rape and that they now had a child together. He admitted that he and his wife lived apart, but he attributed the separation to the geographical demands of his probation. He also admitted that the Department of Human Services revoked his custody of the child due to a pending drug paraphernalia charge. He said the agency gave custody to his mother shortly thereafter. Despite the various challenges to his family life, the Defendant testified that he regularly saw his wife and supported his child.

The Defendant introduced a letter from a previous employer. The letter said that the Defendant had performed construction jobs for the company but was eventually laid off due to a lack of work. The letter said that the Defendant was a "hardworking, credible man" and was still in good standing with the company.

The trial court denied the Defendant's request for alternative sentencing based upon the Defendant's criminal history. The court found that the Defendant's previous conduct on probation raised concerns that he would violate the law again if he were given alternative sentencing.

The Defendant now appeals the trial court's ruling, arguing that confinement was improper because of his potential for rehabilitation. He requests alternative sentencing in the form of either probation or community corrections. The State responds that the sentence was proper.

When a Defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). The burden is now on the appealing party to show that the sentence is improper. Id., Sent'g Comm'n Cmts. If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The record reflects that the trial court properly applied the sentencing principles to the case. The court affirmed that it had reviewed the evidence and cited the Defendant's criminal history and prior probation violations as reasons for the sentence of confinement. The court also stated that the Defendant was likely to violate the law again if given alternative sentencing, therefore finding that the Defendant lacked potential for rehabilitation. Because the trial court's consideration of these sentencing principles is on the record, the trial court's ruling is entitled to the presumption of correctness. The burden now falls on the Defendant to prove that the sentence was improper.

First, the Defendant claims that the trial court erred by denying probation. A Defendant has to prove his suitability for probation. T.C.A. § 40-35-303(b). This burden includes demonstrating that probation will "subserve the ends of justice and the best interest of both the public and the Defendant." State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997) (quoting State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995)). Although "probation must be automatically considered as a sentencing option for eligible Defendants, the Defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b), Sent'g Comm'n Cmts.; see State v. Fletcher, 805 S.W.2d at

787. Placing an eligible defendant on probation falls within the court's discretion. See T.C.A. §§ 40-35-303(c)(1), -102(6)(D).

When choosing between confinement and alternative sentencing such as probation, the court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, the court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

The trial court decided against probation because of the Defendant's criminal history, his prior probation violations, and his lack of potential for rehabilitation–all of which are factors supporting a sentence of confinement. See T.C.A. §§ 40-35-103(1)(C), (5), -114(1), (13)(C). The Defendant committed six probation violations after his convictions for possession of drugs and statutory rape in 2004 and 2005. The first four violations took place between 2004 and 2006 and included such offenses as failing to participate in sex offender treatment and ignoring community service obligations. He then committed the four separate felonies in this case. One of these felonies was statutory rape–the very offense for which he was already on probation. In response to the proof of his criminal history, the Defendant acknowledged that he made mistakes and asked the trial court for a second chance. He claimed to be a hard working family man with a newfound respect for the law and introduced proof that he had not violated his probation in over a year and had passed drug tests since January 2009.

The Defendant has failed to overcome the presumption of correctness afforded the trial court's sentencing determinations. See Housewright, 982 S.W.2d at 357. Because we must defer to the trial court, which properly applied the sentencing principles and followed the sentencing procedures, we affirm its denial of probation.

Second, the Defendant claims that the trial court erred by denying him participation in community corrections. Again, the Defendant has failed to prove any error by the trial court. The Defendant was never eligible for community corrections. The Defendant was convicted of statutory rape, a crime against a person. T.C.A. § 39-13-506; see T.C.A. § 40-36-106(a)(1). Those convicted of crimes against persons are barred from participation in

community corrections. <u>See</u> T.C.A. § 40-36-106(a)(1). The trial court did not err by denying an alternative sentence for which the Defendant was not eligible.

The Defendant has failed to prove that the trial court erred by sentencing him to confinement. In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE